UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BURNING GLASS INTERNATIONAL, INC., | Case No. 3:25-cv-00142-DCN |
| Plaintiff, | **MEMORANDUM DECSION AND ORDER** |
| v. | |
| BURNING GLASS INSTITUTE, | |
| Defendant. | |

## I. INTRODUCTION

This is one of two cases filed between these parties. Burning Glass International, Inc. ("Lightcast"[1]) filed this suit in Idaho on March 14, 2025. Dkt. 1. Ten days later, on March 24, 2025, The Burning Glass Institute ("the Institute") filed suit in Pennsylvania.[2] Case No. 1:25-cv-00508-DCN, Dkt. 1. The Pennsylvania case was transferred to the District of Idaho on September 5, 2025. *Id*. at Dkt. 35. It was then voluntarily dismissed by the Institute on September 9, 2025. *Id*. at Dkt. 41.

The Institute now moves for dismissal of the Idaho case based upon Federal Rules of Civil Procedure 12(b)(1) or 12(b)(2). Dkt. 17. Alternatively, the Institute asks the Court to transfer the proceedings to the United States District Court, Eastern District of

---

[1] Plaintiff Burning Glass has been operating under the name of Lightcast since 2022 and to avoid confusion has agreed to be referred to as Lightcast. Dkt. 19, at 7 n.1.

[2] To help alleviate confusion, this case will be referred to as the Idaho case. The other will be referred to as the Pennsylvania case.

MEMORANDUM DECISION AND ORDER – 1

Pennsylvania pursuant to 28 U.S.C. § 1404.

Upon review, and for the reasons explained below, the Court denies the Institute's Motion to Dismiss based upon Rule 12(b)(1) and Rule 12(b)(2).[3] The Court further denies a transfer of this case to Pennsylvania pursuant to § 1404.

## II. BACKGROUND

This case involves a company that develops and supplies labor market data and consulting services. Several years ago, the company "divided," and one received a license from the other to use the "Burning Glass" mark and related intellectual property under certain conditions. But later, the two companies began to dispute how the licensee was using the mark. So the licensor (Lightcast) sued the licensee (the Institute) in the District of Idaho. Not long after, the Institute sued Lightcast for declaratory judgment in Pennsylvania, but after venue of that case was transferred to Idaho under § 1404(a), it was subsequently voluntarily dismissed by the Institute.[4]

Lightcast is a Delaware Corporation with a principal place of business in Moscow, Idaho. It offers labor market insights, consulting services, and data under the trademark BURNING GLASS and related word and logo marks. Lightcast has operated since 1999, directly or through its predecessors, affiliates, and licensee.

The Institute is a Pennsylvania nonprofit corporation with its principal place of business in Pennsylvania. It was created in 2021 for the purpose of conducting academic

---

[3] The Court finds the facts and legal arguments are adequately presented and will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

[4] Much of this paragraph is taken from the Memorandum Decision of Judge Murphy in the Pennsylvania case. Case No. 1:25-cv-00508, Dkt. 33 [formerly the Pennsylvania case]. The rest of this section is taken from Lightcast's Amended Complaint in this case. Dkt. 6.

research and engaging in thought leadership and policy work.

The parties entered into a Marks License Agreement on October 22, 2021. That agreement is attached to the Amended Complaint as Exhibit A. Dkt. 6, at 16–21. Lightcast claims that the Institute breached the Marks License Agreement, so Lightcast terminated the Agreement and filed suit for the alleged breach and for the Institute's continuing use of the marks after the termination. Lightcast filed suit in Idaho on March 4, 2025.[5] Lightcast filed an Amended Complaint on April 18, 2025. Dkt. 6. That Amended Complaint is the operative complaint. In addition to a breach of contract claim, it includes claims for trademark infringement and unfair competition under the Lanham Act. The Institute filed a Motion to Dismiss the Idaho case on June 12, 2025. Dkt. 6. The parties briefed the motion,[6] and it is ripe for decision.

The Institute claims the District of Idaho has no general jurisdiction over it because it is headquartered and incorporated in Pennsylvania. It also claims the District has no specific jurisdiction over it because Lightcast's claims do not arise from any Institute activity in Idaho.

Lightcast opposes the Motion to Dismiss, contesting the Institute has sufficient contacts with Idaho to give this District personal jurisdiction over the Institute. Specifically, Lightcast alleges the Institute contracted with an Idaho Agency for a long-term project, attended meetings with that agency in Idaho, and used Lightcast's trademarks in an

---

[5] Originally, the Pennsylvania case and the Idaho case were two sides of the same coin. The Idaho case alleged a breach and termination of the Marks Agreement. The Pennsylvania case sought a declaration that the Marks Agreement was not breached and remained in force.

[6] The Institute's brief is at Dkt. 17-1, Lightcast's brief is at Dkt. 19, and the Institute's Reply brief is at Dkt. 20.

unauthorized manner while performing services for the Idaho agency. Additionally, Lightcast alleges the Institute's activity outside of Idaho was directed to Idaho and caused harm in Idaho.

The Pennsylvania case addressed Lightcast's Motion to Dismiss under Rule 12(b)(3) for lack of venue. Case No. 1:25-cv-00508, Dkt. 24. Lightcast did not file a motion to dismiss for lack of jurisdiction.[7] This Idaho case addresses the Institute's Motion to Dismiss under Rule 12(b)(2) for lack of personal jurisdiction or for change of venue pursuant to 28 U.S.C. § 1404. Dkt. 17. The motions and the standards the Court must apply to those motions are different than the motions and standards in the Pennsylvania case.

Both cases involve a motion to change venue. In the Pennsylvania case, the court transferred venue to Idaho. This decision addresses both the Institute's Motion to Dismiss and Motion to Change Venue to Pennsylvania in the Idaho case.

### III. LEGAL STANDARD

The Institute begins by claiming its Motion to Dismiss is brought pursuant to Rules 12(b)(1) or 12(b)(2). However, the Institute does not address 12(b)(1) in its memorandum for dismissal, except to argue that Lightcast cannot sue in Idaho because it was not registered to do business there. This is important because 12(b)(1) deals with subject matter jurisdiction not personal jurisdiction. Subject matter jurisdiction invokes a different standard than personal jurisdiction. As to subjection matter jurisdiction, federal courts are courts of limited jurisdiction. *Gunn v. Minton,* 568 U.S. 251, 256 (2013). A court must

---

[7] EMSI, a party in the Pennsylvania case but not in the Idaho case, did file a motion to dismiss for lack of jurisdiction and the Pennsylvania court granted that motion. Case No. 1:25-cv-00508, Dkts. 25, 34.

presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). When a court lacks subject matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint. *Pistor v. Garcia,* 791 F.3d 1104, 1111 (9th Cir. 2015). The question of subject matter jurisdiction is a question of law. *Ocean Garden, Inc. v. Marktrade Co. Inc.,* 953 F.2d 500, 502 (9th Cir. 1991).

As for Rule 12(b)(2), the Institute makes three arguments as to why the Court should grant its Motion to Dismiss for lack of personal jurisdiction: (1) Lightcast did not register to do business in Idaho before filing suit so it cannot sue in Idaho; (2) the Court lacks general jurisdiction over the Institute; and (3) the Court lacks specific jurisdiction over the Institute. Each of these arguments will be discussed and analyzed below. But first, the Court will discuss the legal standard for Rule 12(b)(2) in general terms.

A court cannot adjudicate claims against a defendant over whom it has no personal jurisdiction. *Thomas v. Amer Sports Company,* 2022 WL 1063721, *1 (D. Idaho 2022). Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for the dismissal of claims where a court lacks personal jurisdiction over a defendant. The plaintiff bears the burden of establishing that the exercise of personal jurisdiction is proper. *Id.* (citing *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004)). To establish personal jurisdiction, the plaintiff must show that "the statute of the forum confers personal jurisdiction over the nonresident defendant and that the exercise of jurisdiction conforms with the federal principles of due process." *Id.* (quoting *Lake v. Lake,* 817 F.2d 1416, 1420

MEMORANDUM DECISION AND ORDER – 5

(9th Cir. 1987).

Where, as here, the Motion to Dismiss is based on written materials, and where an evidentiary hearing has not been conducted, the plaintiff need to establish only a prima facie showing of jurisdictional facts to withstand the motion. The Court must take the plaintiff's uncontroverted allegations in the complaint as true and resolve factual disputes in affidavits or declarations in the plaintiff's favor. *Wells Cargo, Inc. v. Transport Insurance Company,* 676 F.Supp.2d 1114, 1118 (D. Idaho 2009) (citing *Dole Food Co., Inc. v. Watts,* 303 F.3d 1104, 1108 (9th Cir. 2002).

The Due Process clause of the Fourteenth Amendment requires that a nonresident defendant have sufficient "minimum contacts" with the forum state so that notions of "fair play and substantial justice" are not offended. *Hill v. Union Pacific Railroad Co.,* 362 F. Supp. 3d 890, 895 (D. Idaho 2019) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Under federal law, personal jurisdiction can be either general or specific. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 582 U.S. 255, 262 (2017). A court may exercise general jurisdiction only when a defendant is "essentially at home" in the forum state. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1019 (2021) (*citing Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The U.S. Supreme Court has held that alleging general jurisdiction over an out-of-state corporation merely because it is "doing business" in the forum state is "unacceptably grasping." *Daimler AG v. Bauman*, 571 U.S. 117, 138 (2014). The Supreme Court held instead that "all-purpose" or "general" personal jurisdiction—the ability to hear

MEMORANDUM DECISION AND ORDER – 6

claims unrelated to the forum state—is proper only where the corporation is "at home," which is not synonymous with "doing business." *Id.* at 122.

Specific jurisdiction is applicable when a defendant has "certain minimum contacts with the relevant forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Yahoo! v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc*)* (citation modified). The plaintiff's claims "must arise out of or relate to the defendant's contacts" with the forum in order for exercise of specific jurisdiction to be proper. *Bristol-Myers Squibb Co.*, 582 U.S. 255, 262 (citation modified). The Due Process clause does not permit jurisdiction to be based on contacts with the forum state that are random, fortuitous, or attenuated. *Goodyear*, 564 U.S. at 923; *see also Int'l Shoe*, 326 U.S. at 316 (noting due process requires that the defendant have sufficient minimum contacts with the forum such that hauling the defendant into court in the forum "does not offend traditional notions of fair play and substantial justice").

Specific jurisdiction permits jurisdiction over a defendant less intimately connected with the forum state. *Davis v. Cranfield Aerospace Sols, Ltd.,* 71 F.4th 1154, 1161 (9th Cir. 2026). That is, the defendant must have taken some act by which it purposefully avails itself of the privilege of conducting activities within the forum State. *Morales v. Ford Motor Company,* 2026 WL 883863, *2 (D. Idaho 2026). But, given the more limited contacts with the forum State, this type of jurisdiction is "case-linked," only covering a narrower class of claims. *Id.* (quoting *Davis*, 71 F.4th at 1161). To comply with due process, the plaintiff's claims must arise out of, or relate to, the defendant's contacts with the forum state. *Id.*

MEMORANDUM DECISION AND ORDER – 7

The Ninth Circuit analyzes specific jurisdiction by utilizing a three-prong test:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Yahoo! Inc.*, 433 F.3d at 1205–06. "Plaintiffs bear the burden of satisfying the first two prongs of the test." *Hill*, 362 F. Supp. 3d at 896 (citing *Menken v. Emm,* 503 F.3d 1050, 1057 (9th Cir. 2007)). If a plaintiff succeeds in satisfying the first two prongs, the burden then shifts to the defendant to "present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (citation modified).

As for a transfer under § 1404(a), the party seeking the transfer bears the burden of showing that a balancing of proper interests weighs in favor of the transfer. *Health Freedom Defense Fund, Inc. v. US Freedom Flyers, Inc.,* 2024 WL 3332768 (D. Idaho 2024). A court considers all relevant factors to determine whether, on balance, the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.

## IV. ANALYSIS

### A. Subject Matter Jurisdiction

1. *Failure to Register.*

At the outset, the Institute raised the argument that Lightcast could not sue in Idaho

MEMORANDUM DECISION AND ORDER – 8

because it was not registered to do business in Idaho. That argument is not entirely correct.

The Institute bases its argument on Idaho Code § 30-21-502(b). That statute forbids a lawsuit by a foreign filing entity that has not registered to do business in the State of Idaho. But that is a State statute that would preclude Lightcast from suing in state court. If this were a case of diversity jurisdiction, the Institute may be correct because the United States Supreme Court has held that for purpose of diversity jurisdiction, a federal court is in effect only another court of the state. *Woods v. Interstate Realty Co.,* 337 U.S. 535, 538 (1949) (quoting *Guaranty Trust Co. of New York v. York,* 326 U.S. 99, 108 (1945)).

But this is not a diversity jurisdiction case.[8] It is a federal question case brought under the Lanham Act. Dkt. 6, ¶¶ 10–11. As such, *Woods* is not applicable. A State cannot restrict or impede the subject matter jurisdiction of federal courts, only Congress can determine a lower federal court's subject matter jurisdiction. *Kontrick v. Ryan,* 540 U.S. 443, 452 (2004).

Because the Court declines to dismiss this case on the basis that Lightcast failed to register to do business in Idaho, it is not necessary for the Court to decide if Lightcast's registration to do business in Idaho after it filed its lawsuit is enough to overcome I.C. § 30-21-502(b). This issue is moot because the state statute does not preclude a federal lawsuit arising under federal law.

### 2. Lanham Act

The mere fact that this case is brought under the Lanham Act means this Court has

---

[8] The original Idaho complaint did allege diversity jurisdiction. Dkt. 1, at ¶ 8. But the Amended Complaint alleges only federal question jurisdiction. Dkt. 6, at ¶ 10.

MEMORANDUM DECISION AND ORDER – 9

subject matter jurisdiction. *Steele v. Bulova Watch Co.,* 344 U.S. 280, 283 (1952). The district courts of the United States are granted jurisdiction over all actions "arising under" the Lanham Act. 15 U.S.C. § 1121. *Id.* at 284. The motion to dismiss pursuant to Rule 12(b)(1) is denied. This Court has subject matter jurisdiction over this case.

## B. Personal Jurisdiction

Personal Jurisdiction may be general or specific. *Davis,* 71 F,4th at 1161. Both will be discussed.

### 1. General Jurisdiction

The Institute argues this Court lacks general jurisdiction over it because it is incorporated and headquartered in Pennsylvania, not Idaho. General jurisdiction over a corporation usually exists only where it is incorporated or maintains its principal place of business. *Cox v. CoinMarketCap OPCO, LLC*, 112 F.4th 822, 834 (9th Cir. 2024). Lightcast makes no challenge to the Institute's contention that this Court lacks general jurisdiction over it. The Court, therefore, rules it does not have general jurisdiction over the Institute.

### 2. Specific Jurisdiction

Accordingly, the question is whether this Court has specific jurisdiction over the Institute. The Ninth Circuit's most recent personal jurisdiction case is *Cox v. Gritman Medical Center,* 170 F.4th 724 (9th Cir. 2026). In *Cox,* the Circuit recognized that the Due Process Clause of the Fourteenth Amendment imposes three requirements for exercising specific jurisdiction over an out-of-state defendant: (1) the defendant must have minimum contacts with the forum; (2) the claim must "arise out of or relate to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and

MEMORANDUM DECISION AND ORDER – 10

substantial justice, i.e. it must be reasonable." 170 F.4th at 735. These are the same three elements outlined in *Yahoo! Inc.* Each will be discussed.

a. Minimum contacts

As to the first element, a defendant has minimum contacts with the forum when the defendant has either purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the forum state. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Briskin v. Shopify, Inc.*, 135 F.4th 739, 750–51 (9th Cir. 2025).

"Purposeful availment" occurs when the defendant has taken deliberate action within the forum State or has created continuing obligations to forum residents. *Cox,* 170 F.4th at 735. "Purposeful direction" occurs when a defendant's actions outside of the forum state are directed at the forum state. *Schwarzenegger*, 374 F.3d 797, 802-03 (9th Cir. 2004). While courts have used purposeful availment and purposeful direction interchangeably, the Ninth Circuit generally applies purposeful availment to suits involving contracts and applies purposeful direction to suits involving torts. *Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 672-73 (9th Cir. 2012). Here, Lightcast's first cause of action is for breach of contract. Its second and third causes of action are for torts under the Lanham Act.[9] The Court will use the purposeful direction analysis.

Purposeful direction is evaluated under the three-part "effects" test drawn from *Calder v. Jones,* 465 U.S. 783 (1984). The Ninth Circuit describes the test as follows:

---

[9] Misappropriation of a trademark is an intentional tort and employs the purposeful direction analysis. *Nisson Motor Co. v. Nissan Computer Corp.*, 246 F.3d 675, 675 (9th Cir. 2000).

MEMORANDUM DECISION AND ORDER – 11

> *Calder* stands for the proposition that purposeful availment[/direction] is satisfied even by a defendant whose only contact with the forum state is the purposeful direction of a foreign act having an effect in the forum state. Under *Calder,* the effects test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.

*Schwarzenegger,* 374 F.3d at 803 (citation modified); *see also Panavision Intern., L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir. 1998).

The Institute argues the Amended Complaint alleges only that it dealt with a third party based in Idaho, not that it engaged in any purposeful conduct within Idaho. Dkt. 17-1, at 12. Specifically, the Institute states the Amended Complaint only alleges that, in 2024, it submitted a proposal to an Idaho agency, IDWC,[10] that IDWC approved the proposal, and that the Institute used the Marks in connection with services it provided to IDWC. The Institute argues these limited allegations do not create sufficient minimum Idaho contacts.

Lightcast argues the Amended Complaint also alleges that the Institute ignored Lightcast's Trademark Guidelines and Revised Guidelines, ignored the cease-and-desist letter, refused to cure its breach of the Marks License, and continues to use Lightcast's trademarks. *See generally* Dkt. 6. These types of allegations have been viewed by courts as purposeful direction when the licensor is present in the state. *See, Scentsy, Inc. v. Performing Mfg., Inc.,* 2009 WL 320334 (D. Idaho 2009); *Aweida Arts, Inc. v. Pure Glass Distribution, Inc.,* 157 F. Supp. 3d 929 (W.D. Washington 2015). Lightcast is present in Idaho.

---

[10] IDWC is the Idaho Workforce Development Council.

MEMORANDUM DECISION AND ORDER – 12

This Court finds, pursuant to a full review of the Amended Complaint, that the Institute has: (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. The intentional acts include the alleged violations raised by Lightcast and listed above. The Institute's acts were expressly aimed at Idaho because the Institute knew Lightcast was situated in Idaho. Therefore, the *Calder* test is met.

b. Arising Out Of

The second element is met if the plaintiff would not have been injured "but for" the defendant's conduct directed towards the plaintiff in the forum state. *Panavision Intern.,* 141 F.3d at 1322. The Institute argues Lightcast's claims do not arise from the Institute's work for the IWDC. Dkt. 17. Lightcast briefly responds to that argument by stating that the Institute improperly used Lightcast's marks when it entered into an agreement with IWDC. Additionally, Lightcast argues it is the Institute's infringement of Lightcast's trademarks, unfair competition, and disregard of the cease-and-desist letter that give rise to Lightcast's claims. Dkt. 19, at 13. These allegations are sufficient to meet the "arising out of" factor.

c. Reasonableness

The third element is met if the Court's exercise of jurisdiction over the defendant is reasonable. The burden of proof on this issue is on the Institute as the defendant. *Schwarzenegger,* 374 F.3d at 802. An unreasonable exercise of jurisdiction violates the Due Process Clause. *Ziegler v. Indian River County,* 64 F.3d 470, 473 (9th Cir. 1995).

To assess reasonableness, the Ninth Circuit evaluates the following factors: (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the

MEMORANDUM DECISION AND ORDER – 13

burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Id.* at 475.

In its Motion to Dismiss and its Reply Memorandum, the Institute addresses several of the aforementioned factors. However, these are the same factors it raised in the Pennsylvania case in opposition to the change of venue under § 1404(a) and the Institute failed to persuade the Pennsylvania court that moving the case to Idaho was not reasonable. Granted, the Pennsylvania court found that Pennsylvania was also a proper forum for all the reasons raised by the Institute. However, that court went on to find that under the first-filed rule, the case belonged in Idaho.

This case is the first-filed case referred to by the Pennsylvania court. That court held that the first-filed rule trumped all other considerations, including § 1404(a). The Pennsylvania court carefully considered and rejected exceptions to the first-filed rule before transferring its case to Idaho. In doing so, the court found that the Pennsylvania case and the Idaho case involve the same parties and the same subject matter. It also found that the central issues in both cases are whether the Institute breached its contract with Lightcast, whether the Institute's trademark rights under the Marks License remain in effect, and in which jurisdiction litigation is most appropriate. This Court agrees with the Pennsylvania court that no exceptions applied and that the first-filed rule strongly supports this case remaining in Idaho. Reasonableness supports the jurisdiction of this Court.

MEMORANDUM DECISION AND ORDER – 14

The allegations in the Amended Complaint are sufficient to establish that this Court has specific personal jurisdiction over the Institute. The Motion to Dismiss under Rule 12(b)(2) is denied.

## C.  § 1404 factors

The Institute argues that even if this Court finds it has personal jurisdiction over the Institute, the Court should still transfer the case to Pennsylvania pursuant to 28 U.S.C. § 1404(a) because the focus of this case is in Pennsylvania. Before addressing this issue, the Court notes that the first-filed rule is no longer at play here. The second-filed case has been voluntarily dismissed by the Institute. This case is now the only case between the parties.

Motions to transfer venue under § 1404(a) involve a two-step inquiry. First, a court must determine whether the proposed transferee court is one where the action might have been brought. *Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 414 (9th Cir. 1985). Second, provided the case could have been brought in the transferee forum, a court must balance the plaintiff's interest in choosing a forum against the aggregate considerations of convenience and fairness. *Jones v. GNC Franchising, Inc.,* 211 F.3d 495,498-99 (9th Cir. 2000). As the moving party, the Institute must make a strong showing of inconvenience to warrant upsetting Lightcast's choice of forum as the Plaintiff. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

The Pennsylvania court concluded that Pennsylvania had jurisdiction and venue over this matter. Case No. 1:25-cv-00508, Dkt. 33, at 10. That is enough for this Court to rule that step one has been met. However, the Pennsylvania court did not rule whether the

MEMORANDUM DECISION AND ORDER – 15

Idaho Court had venue over the matter. Instead, it transferred the now dismissed case to Idaho because of the first-filed rule. The Institute has not moved to dismiss under Rule 12(b)(3) for lack of venue. However, it has moved to transfer venue under 28 U.S.C. § 1404.

Under § 1404, the district court has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. However, the Court is also mindful of the need to avoid what the United States Supreme Court labeled jurisdictional ping-pong. *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 818 (1988) ("Transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation, culminating in a perpetual game of jurisdictional ping-pong."). Both the Pennsylvania court and this Court have recognized that the Pennsylvania case and the Idaho case have the same parties, the same subject matter, and the same central issues. If this Court were to transfer venue to Pennsylvania, it would be sending the same parties, the same subject matter and the same central issues back to a court that already ruled Idaho was the better venue. *See, also, Moses v. Business Card Exp., Inc.,* 929 F.2d 1131, 1137 (6th Cir. 1991) ("Because of the possibility of forcing a transferred case into perpetual litigation by playing 'jurisdictional ping-pong,' the law of the case doctrine applies with even greater force to transfer decisions than to decisions of substantive law.").  As discussed below, the venue issue is a close call, but if this Court were to move this case to Pennsylvania, then the parties could find themselves in front of a court that already ruled Idaho was the better forum.

MEMORANDUM DECISION AND ORDER – 16

Section 1404(a) gives a district court broad discretion to transfer a case to another district where venue is also proper. *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 639 (9th Cir. 1988). A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in determining whether transfer is appropriate in a particular case. *Jones,* 211 F.3d at 498. For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Id.* at 498–99. A court considers all relevant factors to determine whether, on balance, the litigation would more conveniently proceed—and the interest of justice be better served—by transfer to a different forum. Each of these factors will be reviewed.

The Institute is in Pennsylvania. Lightcast is a Delaware corporation having a principal place of business in Idaho.[11] The Marks License Agreement is governed by the laws of Pennsylvania.

1. *The location where the relevant agreements were negotiated and executed.*

Lightcast brings this lawsuit for breach of the Marks License Agreement and attached that agreement to its Amended Complaint as Exhibit A. The Amended Complaint also references trademark guidelines and revised Guidelines issued by Lightcast to the

---

[11] However, the Marks License Agreement states that Lightcast is a Delaware corporation having offices in Boston, Massachusetts.

MEMORANDUM DECISION AND ORDER – 17

Institute and attached as Exhibits B and C to the Amended Complaint. The Marks Agreement was negotiated via telephone and email across multiple states, including Idaho, Pennsylvania, and New York. *See* Dkt. 19-7, at 2–3.

The Ninth Circuit, in an unpublished decision, stated:

> [M]any transactions take place solely by mail or wire across state lines, obviating the need for physical presence. Thus, the Court has held that the physical absence of the defendant and the transaction from the forum cannot defeat the exercise of personal jurisdiction. However, both this court and the courts of California have concluded that ordinary use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the forum state.

*Roth v. Garcia Marquez,* 942 F.2d 617, 622 (9th Cir. 1991) (citation modified). However, the United States Supreme Court has stated that "physical entry into a State—either by the defendant in person or through an agent, goods, mail, or some other means—is certainly a relevant contact." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). This factor is neutral.

2. *The State that is most familiar with the governing law.*

The Marks Agreement is governed by Pennsylvania law. This factor is generally given little weight because all federal courts are fully capable of applying another State's substantive law. *Rodgers v. Colo St. LLC.,* 2023 WL 4627909, *7 (D. Idaho 2023). In fact, the Pennsylvania court stated that, "the District of Idaho is perfectly equipped to consider and apply Pennsylvania law in a straightforward contract dispute such as this one." Case No. 1:25-cv-00508, Dkt. 33, at 19. It further said that "both courts are equally prepared to apply federal trademark law." *Id*. This Court agrees with the Pennsylvania court that this factor is neutral.

MEMORANDUM DECISION AND ORDER – 18

3.  *The Plaintiff's choice of forum.*

There is a strong presumption in favor of the plaintiff's choice of forum, particularly when that forum is the plaintiff's principal place of business. *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987). This factor weighs against transfer.

4.  *The respective parties' contacts with the forum.*

The Court has already found the Institute had sufficient contacts with Idaho to give this Court personal jurisdiction over the Institute. Lightcast has its principal place of business in Idaho. This Court has already found that if Lightcast was harmed by the Institute's alleged breaches the harm occurred in Idaho. This factor weighs against transfer.

5.  *Contacts Relating to Lightcast's Cause of Action in Idaho.*

The Court has already discussed the fact that Lightcast's negotiations relative to the Marks Agreement were performed in Idaho, that the alleged breach impacted Lightcast in Idaho, and that part of the alleged breach involved the Institute's interactions with an Idaho agency, IWDC. These factors weigh against transfer.

6.  *Difference in costs of Litigation in Two Forums.*

The Institute has not addressed this factor. At best, it is neutral. But it may even weigh slightly in favor of Idaho because of the lower hourly rates in Idaho compared to Pennsylvania. However, the Court is realistic enough to know that the parties already have their non-Idaho attorneys on board and that will not change even if the case remains in Idaho. So, the costs of litigation will not change much depending on which forum is used. This factor is neutral.

MEMORANDUM DECISION AND ORDER – 19

7. *Ability to Compel Attendance of Unwilling Non-Party Witnesses.*

Lightcast argues that several third-party witnesses reside in Idaho and are within this Court's subpoena power. The Institute does not address this issue other than to say it resides in Pennsylvania; however, as a party it is subject to compelled attendance in Idaho. This weighs against transfer.

8. *Ease of Access to Sources of Proof.*

The Court places little emphasis on this factor in today's world of electronically maintained documents. Those types of documents can easily be transferred from one state to another. Even manually stored documents can be easily transferred. This factor is neutral.

9. *Miscellaneous factors.*

Granted, the Pennsylvania court relied on the first-filed rule and the fact that Lightcast was the defendant in the Pennsylvania case as bases to transfer venue to Idaho. But, without the other case, the first-filed rule does not apply, and the Institute is the defendant in the Idaho case, which would remove those bases as reasons to "retransfer" the case to Pennsylvania.

In short, after weighing the relevant factors, the Court finds justice is best served by keeping this case in Idaho. The Motion to Transfer is DENIED.

## V. CONCLUSION

This court has subject matter jurisdiction over this case. It is primarily a lawsuit under the Landham Act. It is not a diversity action but an action arising under a federal law. This court also has specific jurisdiction over the Institute. Venue will not be transferred to Pennsylvania for the reasons explained above.

MEMORANDUM DECISION AND ORDER – 20

## VI. ORDER

1.  The Institute's Motion to Dismiss or Transfer Venue (Dkt. 17) is DENIED.

DATED: July 10, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER – 21